## Jones v. Dodson's Exrs., &c.

(Decided January 14, 1913.)

### Appeal from Calloway Circuit Court.

1. Wills—When Paper Marked ''Copy'' May be Probated.—A paper, though marked ''copy,'' may be probated as a will when it appears that it is the original will and not a copy.
2. Verdict—When Will not be Disturbed.—The verdict of a jury will not be disturbed unless it is palpably against the evidence.

THOS. P. COOK, COOK & THOMPSON, for appellant.

A. J. G. WELLS, BARNETT & WELLS, for appellees.

E. P. PHILLIPS, for infant appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

B. D. Dodson died a resident of Calloway county, in the latter part of the year 1910. In February, 1911, the executors named therein presented for probate in the county court a paper purporting to be his will. After hearing the evidence the county court refused to probate the paper. An appeal was taken to the circuit court; paper to be his will; and from the judgment entered the case was there heard before a jury who found the pursuant to the verdict, the contestants appeal.

The grounds relied on for reversal are that the verdict is palpably against the evidence, and that the court failed properly to instruct the jury. The proof in the case is in substance as follows: B. D. Dodson had by his first wife one child, Laura, who married Albert Jones. He had only an estate by the curtesy in the home place where they all lived, and an estrangement grew up between him and his son-in-law, for which he seems also to have blamed his daughter. The result of it was that he left his old home. This estrangement took place seven or eight years before his death. In the year 1904 he married a second time and in May, 1905, he went to an attorney at the county seat and had him to write his will, by which he directed (1) that his debts and burial expenses be paid; (2) he gave his daughter, Laura, $5; (3) he gave his wife $300 together with all his household and kitchen furniture; (4) he gave to his two grandchildren, the children of his daughter Laura, $500 each; (5) the remainder he directed to be divided equally between his brother, George Dodson, and his sister, Tennessee Singleton; (6) he appointed S. H. Dees and N. B. Barnett, the executors of the will, the latter being the attorney who

wrote it, and Dees being the cashier of the bank where he did business. After the will had been written and signed he gave it to Dees asking him to put it in the bank safe and keep it for him. This Dees did. After his death there was found in the bank safe a sealed envelope having on the back of it this endorsement: "B. D. Dodson, will," the word "will" being in the handwriting of S. H. Dees. When the envelope was opened the paper had at the head of it the word "copy." The paper was folded up and on the back of it were these words: "B. D. Dodson to will copy." K. Robertson and Charles Jetton were the attesting witnesses. Jetton was dead but his signature on the paper produced for probate was proved by a number of witnesses. Robertson testified to his signature and to Jetton's and Dodson's and he and Barnett both testified that no copy of the paper was made; that they only signed one paper and that the paper produced was the paper which they signed. No question was made as to the testator's capacity, and there was no claim of undue influence. Laura Jones, the daughter, and Mrs. Dodson, both testified in substance that the estrangement between the father and daughter had ceased to exist a year or two before his death; that the daughter had borne another child, and that after the birth of this child, the father had said that the will which he had made was unjust, and that he had destroyed it. Mrs. Dodson testified that he had given her an envelope containing a paper telling her it was his will; that she afterwards got it for him at his request, he saying that he wished to destroy it, but there was a copy of it at the county seat, and he wished to go there and get that and destroy them both. M. F. Lawson testified that he told him this also and had him to go to the county seat with him; that after they got there they separated. When Dodson met him again he told him that he had destroyed the will. The witnesses fixed the date of this transaction as in the year 1907. J. B. Sheridan testified that he was in the bank; that Dodson came in with Barnett, and handed him a paper saying to him, "this is my will, you wrote it, I want it destroyed," and one of them put it in the fire; that afterwards he saw Lawson and Dodson together in town on the same day, and heard Dodson tell Lawson that he had destroyed his will. Ben Grogan, a clerk in the bank testified that the bank building burned in the year 1908, and that after the fire Dodson came in and wanted to know if his papers were safe; that at Dodson's request

he got the envelope marked "will" out of the safe, and gave it to Dodson, and also gave him a similar envelope which had not been used; that Dodson went out with the paper, and after a while returned and handed him an envelope, sealed, (the new one he gave him) marked "B. D. Dodson, will;" that he first handed it to Dees, and Dees told him to take it and put it away. Dodson cautioned him not to let anybody have the envelope, and he put it back in the safe. It remained there until after Dodson's death when it was taken out of the safe, and taken to the county clerk's office to be offered for probate. Dees testified that he originally put the paper in the safe but he did not recollect anything else that occurred in regard to the will until after Dodson's death. S. M. Marine, Walter Marine, J. P. Hunt, Frank Page and R. E. McDermott, all testified to declarations made by Dodson in the year 1910 to the effect that he had destroyed his will and that his daughter and her children would get his property. On the other hand Barnett testified that he was not in the bank as stated by Sheridan; that nothing ever occurred in regard to burning the will between him and Dodson. The brother and sister who were the devisees under the will and a number of nephews and nieces testified to declarations of Dodson that he had made the will as it was written and wished it to stand. E. D. Hunt testified to a similar declaration by him made in October, 1908. Tom Hayden and J. H. Hunter testified to similar declarations made by him in the spring and summer of the year 1910. The plaintiff also proved that Dodson had made a previous will about the year 1903, which was written for him by J. M. Radford. On these facts the circuit court instructed the jury in substance that they should find the paper presented in evidence to be his will unless they believed from the evidence that at the time of its execution, Dodson had executed another paper of which the paper in evidence was a copy and this paper had been revoked by Dodson by burning it himself, or having someone by his direction to burn it. By a second instruction he told the jury that if they believed from the evidence that there had been no other paper signed and executed as the will of Dodson and that the paper offered in evidence is the original and only paper executed as the will of Dodson, they should find it to be his will. The only instruction asked by the contestants is in these words:

"The court further says to the jury that although

they may believe from the evidence that the decedent B. D. Dodson, executed, signed and acknowledged a paper as his will, as required in instructions Nos. 1 & 2, yet if they believe from the evidence that after he did so, he destroyed, or had destroyed said will with the intent and purpose of revoking same, although he may not have destroyed any copy thereof, or they believe from the evidence that the paper purporting to be his will and offered for probate is only a copy of said will and not the original will, then the law is for the contestants and the jury will find that said paper is not the will of B. D. Dodson, deceased.''

We are utterly unable to see any substantial difference between this instruction and the instructions which the court gave. Under the instructions of the court the jury could not find the paper offered for probate to be his will if it was a copy and not the original will. The finding of the jury under the instructions of the court was necessarily a finding that the paper was the original will and not a copy.

Nor can we see that the verdict is palpably against the evidence. The paper offered for probate had upon it undoubtedly the original signatures of Dodson and the two attesting witnesses. The proof by all the witnesses is to the effect that only one paper was signed. Wills are not ordinarily executed in duplicate, and if such an unusual thing had been done, it would seem that some of the parties would have remembered it. When Dodson had had his attorney write his will and had placed it for safe keeping in the hands of his banker, it would seem natural if he took it out and destroyed it in the bank, he would have called the attention of his friend, Dees, to the fact that he had destroyed it; so that Dees would know what had become of it, if in looking in the safe he should not find it. Grogan, the only man in the bank who remembers his coming in after the execution of the will and saying anything about it, testifies that he told him not to let anybody have it, and had him to put it in the safe. It is true that the testimony as to his declarations is entirely irreconcilable, but the credibility of the witnesses is for the jury, and if the transaction which Lawson and Sheridan testify to related to the former will which Radford had written much of the confusion is removed. In addition to this there are intimations in the record, that he made the statements about having destroyed the will to prevent his people from worrying him

about it. But however this may be, the question of fact was for the jury, and we cannot say their finding is palpably against the evidence.

Judgment affirmed.